E-FILED
Tuesday, 13 November, 2007  02:14:40 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| CAMMILLE SORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3072 |
| | ) | |
| ILLINOIS ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant's Motion to Dismiss (d/e 8).  For the reasons stated below, the Motion to Dismiss is allowed in part and denied in part.

## <u>FACTS</u>

Plaintiff Cammille Sorrell is an African-American female legal investigator with the Illinois Environmental Protection Agency (IEPA), the Defendant here.  In September of 2003, Sorrell filed a Title VII discrimination complaint with against the IEPA.  The parties signed a settlement agreement in that case on October 31, 2005 (October 2005

settlement agreement).  <u>See</u> <u>Memorandum of Law in Support of</u> <u>Defendant's Motion to Dismiss</u>, Exhibit A, <u>October 2005 Settlement</u> <u>Agreement</u>.  On April 16, 2007, Sorrell filed the instant 16-count Amended Complaint against the IEPA alleging Title VII racial and gender discrimination and retaliation claims.  <u>Amended Complaint (d/e 4)</u>. Sorrell's instant claims center on three sets of facts.

First, Sorrell alleges that in May of 2004 and/or May of 2005, she submitted a training request for funding and paid time off to attend the annual Illinois Association of Minorities in Government (IAMG) conference.  Sorrell's prior employment evaluations suggested that she improve her communication and interpersonal skills, and Sorrell wished to attend seminars on these skills.  Her supervisors in the IEPA Division of Legal Counsel denied all requests to attend the IAMG conferences, however.

In 2006, Sorrell did not believe a training request would be approved and so did not submit one for that year's conference, but she decided to attend without funding or paid time off.  She spent $25 and used four hours of vacation leave to attend the 2006 conference.  Sorrell later learned that the IEPA provided $350 and/or paid time off to two African-American male

employees who attended the 2006 IAMG conference.  These two men worked in a different division and did not report to Sorrell's supervisor.  <u>See Memorandum of Law in Support of Plaintiff's Response to Motion to Dismiss (d/e 11)</u>, at 5.  On May 31, 2006, Sorrell submitted a reimbursement request on a training request form.  Her supervisor, William Ingersoll, told her that her request had been approved, but Sorrell alleges that her other supervisors have refused to sign her reimbursement request or actually reimburse her.

On these facts, Sorrell alleges three counts of race discrimination (Counts I, II, and III), three counts of sex discrimination (Counts VI, VII, and VIII), and one count of retaliation (Count IV), based on the 2003 suit.

Second, Sorrell alleges that her employment evaluation for the period ending October 1, 2005 was discriminatory and retaliatory.  She received this evaluation on or around November 17, 2005.  <u>See Memorandum of Law in Support of Plaintiff's Response to Motion to Dismiss</u>, at 6, 13.  In the evaluation, Sorrell's supervisor stated that one of Sorrell's employment objectives was unmet.  He stated that Sorrell had difficulty planning and coordinating how collection efforts should fit with other enforcement actions because Sorrell was unwilling or unable to communicate with her

coworkers.  He advised Sorrell that her communications should be chattier and more submissive and asked her to communicate with attorneys only by phone or in person.

Sorrell disagreed with the evaluation and asked her supervisor to describe or provide documentation of instances supporting his assessment of her difficulties.  She provided him numerous memos noting instances in which she had communicated with others regarding how collection matters fit with other enforcement actions; during the evaluation period, her communications with coworkers resulted in the collection and processing of more than $5.5 million in penalties owed the IEPA.  Based on this second set of facts, Sorrell alleges three counts of both race and sex discrimination (Counts IX, X, and XI) and one count of retaliation (Count XII).

Third, Sorrell alleges that on November 30, 2005, the IEPA suspended her without pay because she described her October 2005 evaluation as fabricated and discriminatory.  Sorrell received a pre-disciplinary meeting notice informing her that the IEPA was contemplating disciplining her for insubordination.  The notice directed her to attend a pre-disciplinary meeting on November 29, 2005, and it allowed her only 5 hours to prepare a rebuttal.  After this meeting, the IEPA suspended her for insubordination

and conduct unbecoming an IEPA employee.

According to Sorrell, the IEPA deviated from its own policies and practices in suspending her as it did.  The IEPA failed to provide her:  (1) the names of witnesses and copies of relevant documents before the pre-disciplinary meeting; (2) a clear statement of the actions it considered insubordinate before the pre-disciplinary meeting; (3) reasonable notice of the pre-disciplinary meeting; and (4) a mutually agreeable time for the pre-disciplinary meeting.  Sorrell claims that the IEPA does not deviate from its policies and practices when dealing with employees who have never filed Title VII actions, are white, or are male.  Based on these facts, Sorrell alleges one count of retaliation (Count XIII) and three counts of both race discrimination and sex discrimination (Counts XIV, XV, and XVI).

The IEPA filed a Motion to Dismiss (d/e 8) and Memorandum of Law in Support of Defendant's Motion to Dismiss (d/e 9) arguing that Sorrell's Amended Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 10(b), contains redundant allegations, fails to state a cause of action on which relief can be granted, and is barred by the October 2005 settlement agreement.  Sorrell opposes the Motion to Dismiss and has asked the Court to sanction the IEPA under Federal Rule of Civil Procedure

11.  <u>See</u> <u>Plaintiff's Response to Motion to Dismiss (d/e 10); Memorandum</u> <u>of Law in Support of Plaintiff's Response to Motion to Dismiss (d/e 11)</u>.

<u>ANALYSIS</u>

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss.  <u>EEOC v. Concentra Health Svs., Inc.</u>, 496 F.3d 773, 777 (7th Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007)).  For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all inferences in favor of the non-moving party.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  Here, the Court accepts as true the allegations in Sorrell's Amended Complaint.

Additionally, when a plaintiff refers to a document in her complaint, and that document is central to her allegations, a court can consider the document on a motion to dismiss without converting the motion to one for summary judgment.  <u>Menominee Indian Tribe of Wisconsin v. Thompson</u>,

161 F.3d 449, 456 (7th Cir. 1998).  Here, Sorrell referenced the October 2005 settlement agreement in her Amended Complaint, and her retaliation allegations are based on that lawsuit.  She also referenced the October 2005 employment evaluation, which is central to several counts in her Amended Complaint.  Thus, this Court will consider both the October 2005 settlement agreement and the October 2005 employment evaluation here.

Moreover, when a plaintiff proceeds *pro se*, her complaint must be liberally construed; it is entitled to less stringent scrutiny than that afforded complaints prepared by counsel.  Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).  Facts alleged in a brief in opposition to a motion to dismiss by a *pro se* plaintiff may be considered when evaluating the sufficiency of the complaint, so long as they are consistent with the allegations in the complaint.  Id. at 1367 n.2.  Thus, for purposes of this Motion, the Court also accepts as true Sorrell's allegations that the two men whom the IEPA funded to attend the 2006 IAMG conference did not report to her supervisor and that she did not receive her October 2005 evaluation until November 17, 2005.

With the facts accepted as alleged for purposes of deciding this Motion, the Court turns to the question of whether they state Sorrell's

claims.  The Court finds that in part, they do.

I.     <u>Format of the Amended Complaint</u>

First, the Court rejects the IEPA's argument that it should dismiss the entire Amended Complaint because Sorrell failed to comply with Federal Rule of Civil Procedure 10(b).  The Rule states:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. Pro. 10(b).  Rule 10(b) does not specify the remedy for violation of its provisions, but the Seventh Circuit has held that district courts may dismiss complaints for noncompliance.  <u>See</u> <u>Frederiksen v. City of Lockport</u>, 384 F.3d 437, 439 (7th Cir. 2004).

The IEPA is correct that Sorrell's Amended Complaint does not technically comply with Rule 10(b), but the Court does not consider the defects fatal.  Only a small number of Sorrell's paragraphs lack numbers.  <u>E.g.,</u> <u>Amended Complaint</u>, ¶ 9 (containing numerous paragraphs).  *Pro se* complaints are entitled to a liberal construction, and the Court does not find

that the un-numbered paragraphs here create significant confusion. Reference to both paragraph and page numbers in citing un-numbered portions of the Amended Complaint should clarify matters.

The IEPA also criticizes the fact that most of the Amended Complaint counts are mere statutory quotations that do not specify which set of facts allegedly violate these statutory provisions.  It has moved for dismissal of Counts II, III, VI, VII, VIII, X, XI, XV, and XVI on these grounds.  Sorrell, however, divided her Amended Complaint into three distinct "Fact Issues," and the counts that follow each Fact Issue discussion clearly are intended to allege violations based on that set of facts.  It is obvious that Counts I-VIII are confined to the facts set forth in Fact Issue One, Counts IX-XII are confined to the facts set forth in Fact Issue Two, and Counts XIII-XVI are confined to the facts set forth in Fact Issue Three.  Because the Court will construe the Amended Complaint as indicating such, it is unnecessary to require Sorrell to file a second amended complaint only to make such explicit.  See Mathes v. Nugent, 411 F. Supp. 968, 971 (N.D. Ill. 1976) (holding amendment unnecessary where a complaint is sufficiently clear); Winkler-Koch Engineering Co. v. Universal Products Co., 79 F. Supp. 1013, 1019 (S.D.N.Y. 1947) (same).

Additionally, the IEPA argues that many of Sorrell's counts are duplicative and should be dismissed or stricken according to Federal Rule of Civil Procedure 12(f).  Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  It is true that Sorrell has cited the same statutory provisions in numerous counts, but by dividing her Amended Complaint into three fact sections, Sorrell clearly alleged separate offenses.   Compare Amended Complaint, Count I, with Amended Complaint, Count IX.

While Sorrell asserts several counts of sex or race discrimination for each of her three sets of facts, she explicitly alleges a different statutory section violation in each count.  For example, while Counts I, II, and III all allege race discrimination on the facts set forth in Fact Issue One, Count I alleges a violation of 42 U.S.C. § 2000e-2(a)(1), Count II alleges a violation of 42 U.S.C. § 2000e-2(a)(2), and Count III alleges a violation of 42 U.S.C. § 2000e-2(m).  Yet, 42 U.S.C. § 2000e-2(m) is not a separate grounds for complaint.  The provision states:

> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin

10

was a motivating factor for any employment practice, even
though other factors also motivated the practice.

42 U.S.C. § 2000e-2(m).  It describes the plaintiff's burden of proof in
"mixed-motive" cases under Title VII.  <u>See</u> <u>Desert Palace, Inc. v. Costa</u>, 539
U.S. 90, 101 (2003); <u>Hossack v. Floor Covering Associates of Joliet, Inc.</u>,
492 F.3d 853, 860 (7th Cir. 2007).  A defendant cannot have violated this
section; instead, a plaintiff relies on it to prove that the defendant violated
some other section.  Sorrell's counts alleging violations of this statutory
provision are not duplicative, but they fail to state a claim on which relief
can be granted.  Thus, the Court dismisses Counts III, VIII, XI, and XVI.

Count V, on the other hand, is redundant.  In Count V, Sorrell alleges
sex discrimination based on her 2006 IAMG request for reimbursement, but
she does not identify a statutory provision allegedly violated.  Counts VI
and VII both allege sex discrimination based on the same facts, and each
identifies a particular statutory provision allegedly violated.  Thus, the
Court finds Count V redundant of Counts VI and VII, and it strikes Count
V pursuant to Rule 12(f).

II.    <u>Failure to State a Claim in Count I</u>

The IEPA also argues that the Court should dismiss Count I because Sorrell failed to state a claim on which relief can be granted. According to the IEPA, Sorrell's factual allegations establish that no violation occurred: she has pleaded herself out of court. See Endley v. City of Chicago, 230 F.3d 276, 284 (7th Cir. 2000). First, the IEPA argues, Sorrell cannot prove that the IEPA discriminated against her in any way regarding the 2006 IAMG conference because the IEPA never denied her funding or paid time off for the conference; she failed to seek it before attending. Second, even if the IEPA did deny Sorrell funding and time off to attend the 2006 IAMG conference, Sorrell cannot prove race discrimination because she admits that the IEPA approved the requests of two African-American male employees.

The Court disagrees, as the facts Sorrell alleges could support discrimination claims. First, Sorrell admits that she never requested funding or time off before attending the 2006 conference, but she alleges that the IEPA's failure to reimburse her after-the-fact was discriminatory. The IEPA has offered no authority suggesting that a failure to reimburse can never be discriminatory. Sorrell is entitled to proceed to discovery on the theory that failure to respond here was tantamount to denial.

Second, Sorrell asserts that the two African-American men who

12

received funding worked in a different department and reported to a different supervisor. If so, these employees may not have been "similarly situated." <u>See</u> <u>Patterson v. Avery Dennison Corp.</u>, 281 F.3d 676, 680 (7th Cir. 2002). If Sorrell has only circumstantial evidence of race discrimination, to prove her case she must establish that employees who were similarly situated but not of her race were treated more favorably. <u>See</u> <u>id.</u> at 680. Under these circumstances, she must prove that a non-African-American individual who, for example, had the same duties and reported to the same supervisor as Sorrell did, failed to request funding and paid time off to attend a conference in advance but obtained reimbursement afterward. If the two African-American men were not similarly situated, the IEPA's treatment of them would be irrelevant to a race discrimination claim.

On the other hand, the same is true of a sex discrimination claim. To prove sex discrimination as alleged in Counts VI and VII, Sorrell must prove that a man with the same duties and supervisor failed to request funding and time off to attend a conference in advance but obtained reimbursement afterward. Thus, if these two African-American men reported to a different supervisor, the IEPA's treatment of their requests to attend the conference

is irrelevant.  As Sorrell has not offered sufficient information to determine now whether these employees were directly comparable, though, she has not pleaded herself out of court.  Thus, the Court will not dismiss Count I.

III.   The October 2005 Settlement Agreement

The IEPA argues that Counts IX-XII, regarding the October 2005 employment evaluation, are barred by the terms of the October 2005 settlement agreement.  The settlement agreement states:

> Plaintiff . . . agrees to release, and hereby releases and forever discharges Defendant and the State of Illinois . . . from all actions, claims, demands, setoffs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged in or claims made in the Action, which Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement, including but not limited to those at law, in contract, tort, actions under . . . Title VII of the Civil Rights Act of 1964 . . . .

Memorandum of Law in Support of Defendant's Motion to Dismiss, Exhibit A, October 2005 Settlement Agreement, ¶ 5.  Sorrell signed the settlement agreement on October 31, 2005.  Id. at 5.  She asserts that the settlement agreement does not cover her claims based on the October 2005 employment evaluation because she was not provided her employment evaluation until November 17, 2005.  Thus, that these claims were not

claims she "own[ed], ha[d] or may have [had] against" the IEPA at the time of the October 2005 settlement agreement.  See id.

The Court will not dismiss Sorrell's claims based on the settlement agreement at this time.  First, there is some disagreement over whether courts can grant motions to dismiss based on an affirmative defenses, including release.  See Papa John's Intern, Inc. v. Rezko, 2006 WL 566468, at *5 (N.D. Ill. Mar. 3, 2006) (collecting cases).  Assuming the theory is viable, however, it is clear that a general release covers only those claims of which a signing party has actual knowledge or could have discovered upon reasonable inquiry.  Fair v. Int'l Flavors & Fragrances, Inc., 905 F.2d 1114, 1116 (7th Cir. 1990).  Sorrell contends that she could not have discovered the instant claims by October 31, 2005 because she did not review her employment evaluation until November 17, 2005.  Without a more developed record, the Court cannot determine whether she is correct.  See Gas Technology Inst. v. Rehmat, 2006 WL 3743576, at *24 n.27 (N.D. Ill. Dec. 15, 2006).  Dismissal now would be improper.


IV.   Rule 11 Sanctions

Finally, the Court denies Sorrell's request for Rule 11 sanctions.  Rule

11(b)(1) states that an attorney signing a written motion certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the motion "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Sorrell asserts that the IEPA's criticisms of the structure of her Amended Complaint were offered only to delay the proceedings.  The standard for imposing Rule 11 sanctions is an objective determination of whether the party's conduct was reasonable under the circumstances.  <u>Fred A. Smith Lumber Co. v. Edidin</u>, 845 F.2d 750, 752 (7th Cir. 1988).  Rule 11 is not a fee shifting mechanism imposing costs on the loser.  <u>Mars Steel Corp. v. Continental Bank N.A.</u>, 880 F.2d 928, 932 (7th Cir. 1989).

Here, the IEPA's Motion was not objectively unreasonable.  The Court agrees that Count V is redundant, and Counts III, VIII, XI, and XVI fail to state a claim on which relief can be granted.  Moreover, while the Court does not find dismissal appropriate based on Rule 10(b) violations, it agrees that the Amended Complaint is not a model of clarity.  The IEPA is correct that a number of paragraphs lack numbers, and if Sorrell were not proceeding *pro se*, the Court might have found the flaws in her Amended

Complaint more objectionable.  Rule 11 sanctions are not warranted.

Additionally, Sorrell failed to comply with Rule 11(c) in making her request for sanctions.  Before making a request for sanctions under Rule 11, a party first must serve the opposing party a copy of a motion detailing the grounds for sanctions and provide the opposing party 21 days to withdraw the offending pleading.  Fed. R. Civ. P. 11(c)(1)(A).  Only if the opposing party fails to withdraw the offending pleading may the party seeking sanctions then file the request with the Court, and the request must be made "separately from other motions or requests."  Id.  Sorrell apparently failed to give the IEPA an opportunity to withdraw its pleading, and she made her request within her Response to Motion to Dismiss.  Though she is proceeding *pro se*, Sorrell must comply with the Federal Rules; the Court will not consider any future requests for sanctions unless she has done so.

THEREFORE,  Defendant's Motion to Dismiss (d/e 8) is ALLOWED in part and DENIED in part.  Counts III, VIII, XI, and XVI are dismissed, and Count V is stricken.  The other counts remain.  Sorrell's request for Rule 11 sanctions is denied.

IT IS THEREFORE SO ORDERED.

ENTER: November 9, 2007

17

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE